# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JORGE JAVIER MATA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-00004-ADA-SH** |
| | § | |
| **EXPEDIA GROUP, INC.,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Expedia Group, Inc.'s Opposed Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6), filed April 7, 2025 (Dkt. 12); Plaintiff's Motion for Leave to File Sur-Reply, filed April 14, 2025 (Dkt. 15); and the associated response and reply briefs.[1]

Jorge Javier Mata brings this employment discrimination suit against his former employer, Defendant Expedia Group, Inc. Mata alleges that he worked for Expedia as a Technical Support Representative in Austin, Texas from April 11, 2016 until his termination on or about April 22, 2024. Complaint, Dkt. 1 ¶¶ 6, 68. Mata, who alleged that he suffered anxiety, filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on June 27, 2024. *Id.* ¶¶ 7, 43, 69; Dkt. 8-1. The EEOC issued a right-to-sue letter on October 10, 2024. Dkt. 1 ¶ 72; Dkt. 8-5. Mata filed this suit on January 2, 2025, alleging that Expedia unlawfully discriminated against him due to his disability by failing to provide him with reasonable

---

[1] The District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges.

accommodations, creating a hostile work environment, terminating him in retaliation for engaging

in protected activities, discrimination, retaliation, hostile work environment, and "failure to

preserve electronically stored information" under Title VII of the Civil Rights Act of 1964 and the

Americans with Disabilities Act ("ADA"). *Id.* ¶¶ 73-88.

Expedia moves to dismiss under Rule 12(b)(6), arguing that Mata's claims are barred by a

separation and release agreement he signed on June 21, 2024. Dkt. 12 at 1. In the alternative,

Expedia seeks dismissal under Rules 12(b)(4) and 12(b)(5) for insufficient and defective service

and failure to sue the proper party.

## I.    Order

The Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 15).

## II.    Motion to Dismiss

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which

relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A complaint must contain

sufficient factual matter "'to state a claim to relief that is plausible on its face.' A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do. Factual allegations must be enough to raise a right
> to relief above the speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The Court liberally construes the pleadings of litigants who, like Mata, proceed *pro se. Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Expedia contends that Mata's suit is barred as a matter of law because he released all claims against it when he executed the release agreement. Mata responds that the agreement is unenforceable due to "procedural unconscionability." Dkt. 13 at 4.

Federal law governs the interpretation and validity of a release of federal claims. *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002); *Clopton v. Animal Health Int'l, Inc.*, No. A-13-CV-205-LY, 2014 WL 6455112, at *2 (W.D. Tex. Nov. 13, 2014). Although public policy favors enforcement of releases, release of an employment discrimination claim is valid only if it is knowing and voluntary. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 373, 373 n.6 (5th Cir. 2002). To determine whether a release was knowingly and voluntarily executed, courts use a "totality of the circumstances" approach in which

> the employer bears the burden of establishing that its former employee signed a release that addresses the claims at issue, received adequate consideration, and breached the release. It is then incumbent upon the former employee to demonstrate that the release was invalid because of fraud, duress, material mistake, or some other defense.

*Smith*, 298 F.3d at 441 (cleaned up).

The Court may consider the release because Mata referred to it in his Complaint and it is central to his claims. Dkt. 1 ¶ 70; *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Section III of the agreement states:

> You hereby agree . . . to waive and release . . . Expedia, Inc. . . . from any and all claims or demands of any kind, whether known or unknown, and whether asserted on an individual or a class or collective basis, which you may have or claim to have against any of them. This complete waiver and release of all claims includes but is not limited to any claims you may have or contend to have arising from or relating to your employment with the Company or the termination of that employment. This includes, without limitation, any common law claims . . . and any claim relating to employment discrimination,

> harassment, or retaliation. This release encompasses any federal, state, local or other governmental law, statute, regulation or ordinance including, without limitation, those relating to . . . Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act . . . .

Dkt. 8-3 at 19-20.

Mata does not dispute that he signed the release or that Expedia paid him $12,360 in severance and a $3,010.72 transition payment as consideration. Dkt. 8-3 at 19. But he contends that the release is unenforceable because he did not enter it voluntarily due to economic duress. Mata argues that he faced "imminent homelessness and chronic unemployment, leaving [] no meaningful choice but to accept the waiver under dire financial circumstances." Dkt. 13 at 4. He contends that he did not execute the release voluntarily because not signing it "would have led to immediate financial ruin." *Id.*

To determine whether Mata meets his burden to state a defense to the validity of the release agreement, the Court considers (1) his education and business experience, (2) how long he had possession of or access to the agreement before he signed it, (3) his role in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether he was represented by or consulted an attorney, and (6) whether consideration given in exchange for the release exceeds employee benefits he was already entitled to by contract or law. *Smith*, 298 F.3d at 441.

Mata has competently litigated this case, demonstrating his ability to navigate complex legal issues. The release advised him to consult an attorney, and he had 45 days to consider it plus a seven-day revocation period. Dkt. 8-3 at 20. The agreement uses plain language, not technical jargon. It states that the "complete waiver and release of all claims" includes "any claim relating to employment discrimination, harassment, or retaliation" and mentions Title VII and the ADA. *Id.* And Mata otherwise was not entitled to the severance and transition payments he received. The

Court finds that Mata has not met his burden to establish a defense to the validity of the release. *See Smith*, 298 F.3d at 444 (holding that plaintiff knowingly and voluntarily executed release).

Under Texas law,[2] the tort of economic duress requires (1) a threat to do something beyond the legal right of the party making the threat; (2) an illegal exaction or some fraud or deception; and (3) a restraint that is imminent and destroys "free agency without present means of protection." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distrib. Co.*, 520 F.3d 393, 404 (5th Cir. 2008) (citation omitted). "A common element of duress in all its forms . . . is improper or unlawful conduct or threat of improper or unlawful conduct that is intended to and does interfere with another person's exercise of free will and judgment." *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 878-79 (Tex. 2005). Mata alleges no improper or unlawful conduct by Expedia in execution of the agreement, so he does not state a duress defense. *Enriquez v. Wachovia Bank, N.A.*, No. SA-07-CA-652-H, 2008 WL 11417605, at *2 (W.D. Tex. July 2, 2008).

Mata asserts that the release was presented "as a non-negotiable, take-it-or-leave-it agreement." Dkt. 13 at 5. He acknowledges that the agreement advised him to consult an attorney, but states that he could not afford to do so when he signed it. Failing to obtain counsel before executing a release does not show that execution was unknowing or involuntary. *Farnham v. Electrolux Home Care Prods., Ltd.*, 527 F. Supp. 2d 584, 588 n.6 (W.D. Tex. 2007).

For the first time in his sur-reply brief, Mata also alleges that "diagnosed with Autism Level 1 and PTSD, [he] lacked the ability to comprehend and meaningfully evaluate the scope and consequences of the release." Dkt. 15-2 at 2. These conclusory allegations are insufficient to state

---

[2] The Court looks to state law to analyze Mata's assertion of duress because "the federal common law of release is largely undeveloped." *In re DEEPWATER HORIZON*, 786 F.3d 344, 354-55 (5th Cir. 2015). The agreement provides that Washington law applies but Mata worked in Texas and Expedia cites both Texas and Washington law. No choice of law analysis is necessary because the laws of the two states do not conflict on this issue and the Court applies the law of the forum state. *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005).

a duress defense. Nor can he raise this new argument in his sur-reply brief. *Kinney v. Int'l Bus.*

*Machines Corp.*, 557 F. Supp. 3d 823, 828 n.4 (W.D. Tex. 2021).

Finally, Mata states that he believed he could keep his right to file a claim for damages and his

EEOC charge would not be affected under Section VI of the agreement. Section VI states:

> nothing in this Agreement . . . will in any way limit or prohibit you
> from engaging in any Protected Activity. For purposes of this
> Agreement, "Protected Activity" will mean filing a charge, complaint,
> or report with, or otherwise communicating or cooperating, or
> participating in any investigation or proceeding that may be conducted
> by any federal state, or local government agency or commission,
> including . . . the Equal Employment Opportunity Commission.

Dkt. 8-3 at 21-22. The Agreement permitted Mata to file an EEOC charge, and he did so. Dkt. 8-

1. His EEOC charge was not affected by the release agreement. There is nothing in Section VI that

permits litigation in court or claims for damages.

The agreement unambiguously releases Mata's Title VII and ADA claims against Expedia.

Mata has not shown that the agreement was invalid. The Court finds that Mata's claims are barred

as a matter of law.

## III.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Expedia

Group, Inc.'s Opposed Motion to Dismiss (Dkt. 12), **DISMISS** Plaintiff's claims, and enter final

judgment for Plaintiff.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and

return it to the docket of the Honorable Alan D Albright.

## IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections

must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S.*

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 7, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE